**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFERY J. HARRIS,

            Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN,

            Defendant - Appellee.

No. 13-15053

D.C. No. 4:11-cv-00743-DTF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding

Submitted May 22, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Jeffery J. Harris appeals from a decision of a magistrate judge upholding the

determinations of the Social Security Appeals Council ("the agency") that Harris

was, for the purposes of the Social Security Act, "not disabled" and capable of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

performing medium exertional work, and dismissing Harris's appeal for Social Security and disability insurance benefits. We affirm the decision of the magistrate judge. Because the parties are familiar with the facts, we do not review them here.

Substantial evidence supports the agency's determination that Harris was not disabled. The record, considered as a whole, *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008), establishes that Harris continued to work, obtain degrees, and be active both physically and in his community. The record does not support the claim that there was a clinical basis for the symptoms Harris alleged. No clinical findings supported Harris's reported symptoms; diagnostic tests were negative; and examinations were unremarkable. Harris's statements to various doctors were inconsistent, indicating a lack of credibility. *See* Social Security Ruling 96-7p, 1996 WL 374186, at **5–6.

Harris suffered no due process violation. Harris was given a fair hearing, and the record stemming from the numerous proceedings is substantial. Neither the Appeals Council nor the magistrate judge violated Harris's due process rights by failing to give more explicit treatment to certain of his arguments. There is no requirement that the Appeals Council affirmatively respond to each asserted argument, *see* 20 C.F.R. § 404.966–982, but in any event, the Appeals Council noted that it had considered Harris's brief, and we "generally take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*,

395 F.3d 1168, 1173 (10th Cir. 2005). We see no reason to do otherwise here. For similar reasons, there was no due process violation in the district court; the magistrate judge considered each of the arguments briefed substantively by Harris. Finally, the second Administrative Law Judge ("ALJ") did not violate the Appeals Council's February 2010 order because the ALJ undertook the tasks directed by the Council.

The agency likewise did not err in its evaluation of medical evidence. The agency articulated "specific and legitimate reasons" for discounting the opinion of Dr. Lindstrom, which was contradicted by three other doctors and not supported by any clinical findings or diagnostic testing. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 n.8 (9th Cir. 2009).[1] The agency reasonably relied on the testimony of Dr. Gerber. The argument that Dr. Gerber refused to consider certain non-medical evidence is contradicted by the record, and it was proper for Dr. Gerber to rely primarily on diagnostic test results. The agency gave sufficiently "germane" reasons for discounting the statements of various lay witnesses because

---

[1] The agency was not required to specifically reference each factor listed in 20 C.F.R. § 404.1527(c). *See* Social Security Ruling 06-03p, 2006 WL 2329939, at *5 (noting that "[n]ot every factor for weighing opinion evidence will apply in every case."). Nor was the agency required to re-contact Dr. Lindstrom, since the evidence was sufficient to make a determination as to disability. 20 C.F.R. § 404.1520b(c); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (noting that "[r]ejection of the treating physician's opinion . . . does not by itself trigger a duty to contact the physician for more explanation.").

they were inconsistent with the record and did not support the frequency of episodes Harris alleged he experienced. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (noting that "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."). Likewise, the agency was not required to rely on the testimony of a vocational expert who in turn relied on Harris's discounted testimony. *Id.*; *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (noting that the ALJ is "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence" (internal quotation marks omitted)).

Finally, the agency reasonably assessed Harris's mental limitations when it found that Harris was capable of unskilled work without additional limitations. The finding was consistent with testing results and record evidence showing that Harris was able to perform a wide range of activities. The agency was not required to include additional limitations based on Harris's subjective complaints, which the agency had determined were not credible. Nor was there a requirement that the agency obtain an updated medical opinion about Harris's mental health. Social Security Ruling 96-6p, 1996 WL 374180 at **3–4, requires updated opinions only where the ALJ or the Appeals Council believes that the evidence suggests that a judgement of equivalence might be reasonable or that newly-received evidence

might change the agency medical consultant's opinion, and neither circumstance was present here.

**AFFIRMED.**